# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SIERRA D. WEAVER, | ) | |
| *as Administratrix for the Estate of* | ) | |
| *Tracie P. Weaver*, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00052-N |
| | ) | |
| RICHARD STRINGER, *Sheriff of* | ) | |
| *Washington County*, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

This action is before the Court on the Plaintiff's Motion to Compel Defendants' Production of Rule 26(a)(1) Initial Disclosures (Doc. 21). A motion to compel disclosure "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure…in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Court's scheduling order made clear that this requirement would "be strictly enforced" for any motions to obtain court-facilitated discovery, that "[c]ounsel seeking court-facilitated discovery…must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties[,]" and that "[a]ny such motion not containing the required certification will be stricken or denied." (Doc. 18 at 6). In a footnote, the Court also cited authorities further explaining what it considered necessary for "good faith conferencing." (*See id.* n.5). In particular, those authorities noted that "the meet-and-confer requirement is not satisfied by the sending of a letter that indicated

that a motion to compel would be filed if the opposing party did not comply with discovery requests," and that "the moving party *must*, *at a minimum*, either have *an actual face-to-face meeting*, or *engage in a two-way conversation*, with the opposing party during which the discovery disputes are *meaningfully discussed* in an *honest, good-faith attempt to resolve the disputes*." (*Id.* (quotations omitted)).

The Plaintiff's present motion indicates that Plaintiff's counsel discussed discovery concerns with counsel for the Defendants prior to the Defendants' service of their initial disclosures on May 11, 2018, and that Plaintiff's counsel sent Defendants' counsel a letter on May 14 advising him of the deficiencies claimed in the motion. (*See* Doc. 21 at 3, ¶¶ 3 – 4).[1] As noted above, sending a letter is not sufficient in itself to satisfy Rule 37(a)'s meet-and-confer requirement, and there is no indication that Plaintiff's counsel has attempted to have an "face-to-face meeting" or "engage in a two-way conversion" with Defendants' counsel to discuss the claimed deficiencies since the Defendants' initial disclosures were served on May 11.

Accordingly, the Plaintiff's Motion to Compel Defendants' Production of Rule 26(a)(1) Initial Disclosures (Doc. 21) is **DENIED**, **without prejudice** to the Plaintiff refiling the motion with an adequate good faith conferencing certification that satisfies Rule 37(a) and the Court's scheduling order

**DONE** and **ORDERED** this the 22**nd** day of May 2018.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The present motion was filed and served only four days after the letter was sent.