IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIERRA D. WEAVER, | ) | |
| *as Administratrix for the Estate of* | ) | |
| *Tracie P. Weaver*, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00052-N |
| | ) | |
| RICHARD STRINGER, *Sheriff of* | ) | |
| *Washington County*, *et al.*, | ) | |
| Defendants. | ) | |

## AMENDED ORDER

This action is before the Court on the Plaintiff's "Renewed Motion to Compel Defendant's Production of Discovery" (Doc. 39), and the Plaintiff's "Motion to Compel Responses to Plaintiff's Second Discovery Requsts [sic] to Defendants Richard Stringer, Arthur Ray Busby and Emil Delarosa, Jr., and Plaintiff's First Discovery Requests to Defendants Tina Sullivan and Anthony Hinson" (Doc. 48), as supplemented (Docs. 53, 54). Both motions have been fully briefed (*see* Docs. 42, 43, 45, 50), and on November 30, 2018, the undersigned held a hearing with counsel for the parties on the motions.

Upon consideration, it is **ORDERED** that the Plaintiff's motions to compel (Docs. 39, 48, 53, 54) are **GRANTED in part** and are **MOOT in part**, as follows:[1]

1. The Defendants must supplement their Federal Rule of Civil Procedure 26(a)(1) initial disclosures by providing the Plaintiff with the home telephone

---

[1] All amendments made pursuant to the Court's separate order granting in part and denying in part the Plaintiff's motion to alter or amend (Doc. 62) are italicized for ease of reference.

numbers *and home addresses,* if known, of all non-party witnesses disclosed under Rule 26(a)(1)(A)(i).

2. Defendant Tina Sullivan is **ORDERED** to supplement the following of her responses to the Plaintiff's first discovery requests (Doc. 54-1 at 1 – 14) in accordance with the Court's instructions given on the record at the November 30th motions hearing: Responses 1 (by providing home phone numbers), 2, 5 (including subparts (a) & (b)), 6 (including subparts (a) & (b)), 7 (excluding subpart (a)), 8 (including subparts (a) & (b)), 9 (including subpart (a)), and 10 (including subpart (a)).

3. Defendant Arthur Ray Busby is **ORDERED** to supplement the following of his responses to the Plaintiff's second discovery requests (Doc. 54-1 at 15 – 29) in accordance with the Court's instructions given on the record at the November 30th motions hearing: Responses 2, 3 (including subparts (a) & (b)), 4 (including subparts (a) & (b)), 5(a), 5(b), 6 (including subparts (a) & (b)), 8 (including subparts (a) & (b)), 9 (including subpart (a)), 10 (including subpart (a)), 16 (including subpart (a)), 17 (including subpart (a)), and 18 (including subpart (a)).

4. Defendant Emil Delarosa, Jr. (a/k/a Junior Delarosa) is **ORDERED** to supplement the following of his responses to the Plaintiff's second discovery requests (Doc. 54-1 at 37 – 51) in accordance with the Court's instructions given on the record at the November 30th motions hearing: Responses 1 (by providing home phone numbers), 5 (including subparts (a) & (b)), 6 (including

subparts (a) & (b)), 7 (including subpart (a)), 8 (including subparts (a) & (b)), 9 (including subpart (a)), and 10 (including subpart (a)).

5. Defendant Anthony Hinson is **ORDERED** to supplement the following of his responses to the Plaintiff's first discovery requests (Doc. 54-1 at 52 – 65) in accordance with the Court's instructions given on the record at the November 30th motions hearing: Responses 1 (by providing home phone numbers), 2, 5 (including subpart (b) but excluding subpart (a)), 6 (including subparts (a) & (b)), 7 (including subpart (a)), 8 (including subparts (a) & (b)), and 10(a).

6. *Defendant Richard Stringer is **ORDERED** to (i) specifically respond to each of the Plaintiff's Interrogatories in a testimonial manner as required by the Federal Rules of Civil Procedure, and (ii) respond to each of the Plaintiff's Requests for Production by identifying the Bates Number of the document(s) to which Stringer is referring in response to that specific Request for Production. A general referral to all produced documents in response to any specific Interrogatory and/or Request for Production is unsatisfactory.*

7. The Plaintiff's motions to compel are otherwise **MOOT** due to the Defendants' production of responsive material after the motions were filed.

The Plaintiff's request, made on the record at the November 30th hearing, that the Court deem waived all of the Defendants' objections to the Plaintiff's discovery requests, as a sanction for their deficient responses, is **DENIED**, without prejudice to the Plaintiff's ability to request such relief again as discovery continues, if appropriate.

Additionally, under Federal Rule of Civil Procedure 26(g), every discovery response or objection "must be signed by at least one attorney of record in the attorney's own name…and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). Only if a party is "unrepresented" is the party to "personally" sign a discovery response or objection. *Id*. Here, the discovery responses of counseled Defendants Sullivan, Busby, Delarosa, and Hinson, have not been signed by one of their attorneys of record, only by those Defendants personally. Those Defendants are **ORDERED** to serve amended discovery responses signed by at least one of their attorneys of record.

The Defendants shall serve the Plaintiff with amended discovery responses in compliance with the foregoing directives, and file notice certifying same with the Court, no later than **Wednesday, December 26, 2018**.[2]

**DONE** and **ORDERED** this the 18th day of December 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Any party who wishes to receive a copy of the audio recording of the November 30th motions hearing may request it by contacting the undersigned's courtroom deputy Sandra Rey in the Office of the Clerk of Court (251-690-2371).