IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIERRA D. WEAVER, | ) | |
| *as Administratrix for the Estate of* | ) | |
| *Tracie P. Weaver*, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00052-N |
| | ) | |
| RICHARD STRINGER, *Sheriff of* | ) | |
| *Washington County*, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the Plaintiff's motion for reasonable

expenses under Federal Rule of Civil Procedure 37(a)(5). (Doc. 58). The

Defendants have timely filed a response (Doc. 65) in opposition to the motion, and

the Plaintiff has timely filed a reply (Doc. 66). The Plaintiff subsequently filed a

corrected supplemental motion for expenses under Rule 37(a)(5) (Doc. 71), to which

the Defendants filed no response.[1] The Plaintiff has also submitted a notice of

additional authority under S.D. Ala CivLR 7(f)(3) (Doc. 81).[2]

---

[1] The Court did not set an additional briefing schedule on the corrected
supplemental motion, and the Defendants did not file a response within the default
period to do so set by the local rules. *See* S.D. Ala. CivLR 7(c) ("Unless the Court
orders otherwise, the nonmovant must file any brief, exhibit, or other paper in
opposition to a motion, except a motion under Fed. R. Civ. P. 56, within fourteen (14)
days of service of the motion.").

[2] With the consent of the parties, this action has been referred to the undersigned
Magistrate Judge to conduct all proceedings in this action, including trial; to order
entry of final judgment; and to conduct all post-judgment proceedings, in accordance
with 28 U.S.C. § 636(c), Rule 73, and S.D. Ala. GenLR 73. (*See* Docs. 11, 13).

# I.    *Background*

On September 27, 2018, the Plaintiff file a renewed motion to compel disclosures and discovery responses from the Defendants under Federal Rule of Civil Procedure 37(a).  (Doc. 39).  Following briefing (Docs. 42, 43, 45), the Court set a hearing on the motion, which was continued several times.  (*See* Docs. 46, 47, 51, 52).  In the meantime, the Plaintiff filed three additional motions to compel (Docs. 48, 53, 54), with the Defendants responding to one (*see* Doc. 50).  A hearing addressing all motions to compel was held with counsel for the parties on November 30, 2018.  On December 11, 2018, the Court entered an order granting the motions to compel in part, finding that the Plaintiff was entitled to relief on certain issues, and otherwise mooting the motions due to supplemental discovery responses served by the Defendants after the motions to compel were filed.  (*See* Doc. 60).  On the Plaintiff's motion, an amended version of that order was entered December 18, 2018, granting additional relief.  (*See* Docs. 62, 63, 64).  The Plaintiff now seeks an award of reasonable expenses under Rule 37(a)(5) in connection with the motions to compel.

# II.    *Analysis*

If a Rule 37(a) motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But

the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The Plaintiff's initial motion seeks an award of $8,186.80 in reasonable expenses under Rule 37(a)(5), consisting of $8,140 in attorney fees and $46.80 in copy fees. Her corrected supplemental motion seeks an additional $2,559.50 in attorney and copy fees expended litigating the initial motion for Rule 37(a)(5) expenses.

The Defendants first argue that the Plaintiff should not be awarded any expenses because their objections to the Plaintiff's "vague, unduly burdensome, and overbroad interrogatories" discovery requests were substantially justified.[3] (Doc. 65 at 2 – 4). However, the Defendants did not substantively argue those objections in any of their briefing submitted in response to the Plaintiff's motions to compel (Docs. 42, 45, 50), instead repeatedly and conclusorily asserting that they had produced all information known to them.[4] "If objections are made, the burden is on

---

[3] "[A]n individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (citations omitted)).

[4] The Defendants assert that the Plaintiff improperly "moved to compel Defendants to respond" to her discovery requests "[i]nstead of asking the Court to rule on [the Defendants'] objections." (Doc. 50 at 1. *See also* Doc. 65 at 5 ("Plaintiff's counsel did not seek to obtain a ruling on the Defendants' objections, but instead sought entire supplemental answers from the Defendants."). However, since 1970, a Rule 37(a) motion to compel has been the proper vehicle for resolving objections to

the interrogating party to move under Rule 37(a) for a court order compelling answers[;]" however, that "does not alter the…obligation of an objecting party to justify his objections." Fed. R. Civ. P. 33(a) advisory committee's note to 1970 amendment. *See also* Fed. R. Civ. P. 34(b) advisory committee's note to 1970 amendment ("The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to Rule 34 as well."). Indeed, it was not until the hearing on the Plaintiff's motions to compel that the Defendants attempted to justify their objections. However, the entire purpose of Rule 37(a)'s sanctions provisions are "to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed. R. Civ. P. 37(a) advisory committee's note to 1970 amendment. *See also id.*

---

interrogatories under Federal Rule of Civil Procedure 33 and requests for production under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 33(a) advisory committee's note to 1970 amendment ("If objections are made, the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers, in the course of which the court will pass on the objections."); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 552 (5th Cir. 1980) ("An objection to an interrogatory is not passed on by a court unless a motion to compel under Rule 37(a) is made."), *abrogated on other grounds by Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 536 n.33 (1983); Fed. R. Civ. P. 34(b) advisory committee's note to 1970 amendment ("The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to Rule 34 as well."); Fed. R. Civ. P. 37(a) advisory committee's note to 1970 amendment ("Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the discovery sought. It has always fully served this function in relation to depositions, but the amendments being made to Rules 33 and 34 give Rule 37(a) added scope and importance. Under existing Rule 33, a party objecting to interrogatories must make a motion for court hearing on his objections. The changes now made in Rule 33 and 37(a) make it clear that the interrogating party must move to compel answers, and the motion is provided for in Rule 37(a)…Amendments of Rules 34 and 37(a) create a procedure similar to that provided for Rule 33.").

("The proposed change provides in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court."). Because the Defendants did not rely on their objections in resisting the Plaintiff's motions to compel until the Court found it necessary to call a hearing, they should not now be allowed to rely on those same objections to claim that their position with regard to those motions was substantially justified. Regardless, having given thorough consideration to the parties' briefing and the arguments made at the motions hearing, the Court finds that the Defendants' position in opposing the motions was not substantially justified.

The Defendants also argue that the Plaintiff's motion for expenses should be denied because "the Plaintiff never attempted to dispute or work through the Defendant's objections without court assistance…" (Doc. 65 at 4). However, the Plaintiff's three subject motions to compel, when considered together,[5] contain sufficient allegations indicating that the Plaintiff "attempt[ed] in good faith to obtain the disclosure or discovery without court action[.]" Fed. R. Civ. P. 37(a)(5)(A)(i). The Defendants never argued otherwise in opposing the motions to compel (despite a good-faith conferencing certification being a requisite to any motion to compel under both Rule 37(a)(1) and the Court's scheduling order (Doc. 18, *as modified by Docs.* 37, 75)), and nothing in their response to the present motion refutes the Plaintiff's representations of good-faith conferencing attempts.

---

[5] Because the three subject motions to compel were filed at different stages of what was essentially the same overall discovery dispute, the Court considers them together on this issue.

The Defendants also claim that the following "other circumstances" would "make an award of expenses unjust": "the Defendants acted in good faith and dutifully attempted to work with Plaintiff's counsel to insure amicable discovery was completed;" "Plaintiff's counsel previously and unsuccessfully filed a previous motion to compel;" "Plaintiff's counsel's issue with discovery was a matter of form over substance;" and "the Plaintiff has not been prejudiced in any manner by the delay." (Doc. 65 at 4). The Court disagrees.

The Defendants' claim that the Plaintiff has not been prejudiced by any delay caused by their deficient responses is doubtful. Regardless, in making this argument, the Defendants diminish the primary purpose of Rule 37(a)(5)'s fee-shifting provisions, which is to minimize courts becoming involved in the discovery process and encourage all parties to be as forthcoming as possible during the discovery process. *See* 8B The Late Charles Alan Wright, *et al.*, Fed. Prac. & Proc. Civ. § 2288 (3d ed.) ("A major purpose of the 1970 revision of the discovery rules was to encourage extrajudicial discovery with a minimum of court intervention. One means of accomplishing that was to tighten the judicial sanctions with respect to unjustified insistence upon or objection to discovery." (footnote omitted)); Fed. R. Civ. P. 37(a) advisory committee's note to 1970 amendment ("the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery" and is "the most important available sanction to deter abusive resort to the judiciary"). *Cf. McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488,

494 (6th Cir. 2014) ("an 'important purpose' of the expense-shifting sanction codified in Rule 37(c)(2) is to establish incentives for litigants 'to respond reasonably and in good faith to appropriate requests for admissions' " (quoting 7 *Moore's Federal Practice* § 37.70 (3d ed. 2013)). "Prejudice to the merits of the party's cause is not required" to be entitled to Rule 37(a)(5) expenses. *Cal Dive Int'l, Inc. v. M/V Tzimin (ex Stena Seahorse)*, 127 F.R.D. 213, 217 (S.D. Ala. 1989). Indeed, forcing parties to resort to the courts to resolve discovery disputes, and forcing courts to do so, are their own "prejudices" that Rule 37(a)(5) sought to deter. Similarly, the Defendants' assertions that they "acted in good faith" in attempting to resolve the discovery disputes does not absolve them from liability under Rule 37(a)(5). *See Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978) ("Although the failure to produce may not have been in bad faith, the presence or absence of bad faith is relevant to the choice of sanctions rather than to the question whether a sanction should have been imposed. In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished."); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 473–74 (7th Cir. 1984) ("The Firm next contends that a court may not impose Rule 37(b) sanctions on a party unless that party violates a court order because of wilfullness, bad faith, or fault. The weight of authority, however, holds that the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all. Courts thus have held that negligent failure to follow discovery proceedings may trigger sanctions." (citations omitted)).

With regard to the Plaintiff's first motion to compel, which was denied without prejudice 4 days after it was filed for failure to include an adequate good-faith conferencing certification (*see* Docs. 21, 22), the Defendants complain that, because the Court did not award them reasonable expenses under Rule 37(a)(5)(B) in connection with the denial,[6] it would be unjust to now award the Plaintiff reasonable expenses here. However, the Defendants have never moved for such an award, and nothing in the Court's order denying the first motion compel precluded them from doing so. At most, this could entitle the Defendants to an off-set on the expenses that will be awarded to the Plaintiff here, but the Defendants have presented no evidence indicating what "reasonable expenses" they incurred in opposing the first motion, instead only vaguely suggesting that they might have incurred "time and expense by preparing to oppose the Plaintiff's motion." (Doc. 65 at 6). Moreover, it is doubtful that the Defendants incurred significant expenses as a result of the motion, given that it involved only two discrete issues regarding the sufficiency of the Defendants' initial disclosures under Federal Rule of Civil Procedure 26(a)(1), and was denied by the Court *sua sponte* only four days after being filed. (*See* Doc. 21).

---

[6] If a Rule 37(a) motion to compel "is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

The Defendants' assertion that the Plaintiff's complaints about their discovery responses was "a matter of the form of the answers rather than the substance of the Defendants' answers" is unconvincing. The Defendants claim that, because the additional discovery they were compelled by the Court to produce "did not provide new information or discovery to the Plaintiff[, and] since the Plaintiff's [sic] already possessed all information necessary to answer the Plaintiff's interrogatories[,]" the Plaintiff should not be awarded reasonable expenses. (Doc. 65 at 6). However, as the Defendants' counsel was informed at the hearing, a "document dump" does not satisfy a party's obligation to provide clear responses to discovery requests, and it was not the Plaintiff's responsibility to piece together the Defendants' interrogatory responses for them. *See* Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Moreover, what a discovery response does not say can be just as important as what it does. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and **<u>fully</u>** in writing under oath." (emphasis added)); Fed. R. Civ. P. 26(g)(1) (by signing a Rule 26(a)(1) disclosure or a discovery response, the signatory "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry[,]" the disclosure "is **<u>complete</u>** and correct as of the time it is made[,]" and the discovery response is, *inter alia*, "consistent with these rules…" (emphasis added)).

The Defendants also claim that the Plaintiff was "only forty-five percent successful" on the relief requested in her motions to compel, and that therefore she should only be awarded a similar proportion in reasonable expenses. (Doc. 65 at 9). The Court disagrees, as it did not deny any of the Plaintiff's requested relief in its order ruling on the motions; rather, the motions were "**GRANTED in part** and [found] **MOOT in part**," with the moot issues being "due to the Defendants' production of responsive material after the motions were filed." (Doc. 64). Rule 37(a)(5)(A) mandates an award of reasonable expenses if a motion to compel "is granted[]**or** if the disclosure or requested discovery is provided after the motion was filed…" (emphasis added).[7]

Finally, the Defendants challenge the reasonableness of various time entries and other expenses billed by Plaintiff's counsel, Henry Brewster, Esq., and S. Joshua Briskman, Esq. (*See* Doc. 65 at 9 – 13 [Section IV of "Argument," Defendants' Response Brief]).[8] Initially, the Court finds that the Plaintiff's corrected

---

[7] The district cases to which the Defendants cite in support of this argument are not analogous, as they involved discovery motions that were granted in part and denied in part. In such circumstances, the court "may…apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

[8] The Defendants do not challenge the hourly billing rates requested for Plaintiff's counsel - $350 for Brewster and $300 for Briskman. As indicated in the Plaintiff's notice of additional authority, another judge of this Court recently approved an hourly rate of $350 for Brewster in awarding Brewster's client attorney fees in another case. (*See* Doc. 81). Moreover, considering counsel's affidavit evidence together with the undersigned's own knowledge and experience, *see Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) ("[A] court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."),

supplemental motion (Doc. 71), seeking expenses incurred in bringing the initial Rule 37(a)(5) motion and in replying to the Defendants' response (sometimes called "fee-defense litigation," or "fees for fees"), is due to be **DENIED**. Contrary to the Plaintiff's assertion, it is not clear that "[t]ime spent litigating a fee award under Fed. R. Civ. P. 37(a)(5)(A) is presumably reimbursable as a reasonable expense arising out of the motion to compel…" (Doc. 71 at 2).[9] The plain terms of Rule 37(a)(5)(A) allow for reasonable expenses "incurred in making the motion [to compel]…" Since a Court must grant or find moot a motion to compel prior to awarding expenses under Rule 37(a)(5)(A), litigation over those expenses would not appear to be incurred in making the motion to compel. The Plaintiff cites no persuasive authority indicating otherwise.[10]

---

the undersigned finds Brewster and Briskman's billing rates to be appropriate here. *See id.* ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").

[9] The Court's "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise. The American Rule has roots in our common law reaching back to at least the 18th century, and statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar legal principles. [Courts] consequently will not deviate from the American Rule absent explicit statutory authority. [The Supreme Court] ha[s] recognized departures from the American Rule only in specific and explicit provisions for the allowance of attorneys' fees under selected statutes." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (citations and quotations omitted).

[10] The Plaintiff has cited authority holding "that an attorney may recover fees for time spent litigating the award of a [42 U.S.C. §]1988 fee." *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (per curiam) (citing *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309 (11th Cir. 2001), and *Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979)). However, the attorney fee

As for the expenses requested in the Plaintiff's initial motion (Doc. 58),

Brewster billed a total of 18.2 hours and $46.80 in copy fees ($0.10 per page)[11] in

---

provision of § 1988 is much more open-ended than that of Rule 37(a)(5). *See* 42
U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party, other
than the United States, a reasonable attorney's fee as part of the costs" in certain
actions, subject to certain exceptions.). *Also cf. Commissioner v. Jean*, 496 U.S. 154
(1990) (holding that the attorney's fees provision of the Equal Access to Justice Act,
28 U.S.C. § 2412(d)(1)(A), which that "a court shall award to a prevailing party other
than the United States fees and other expenses ... incurred by that party in any civil
action (other than cases sounding in tort) ... brought by or against the United States"
under certain conditions, allowed "fees for fees").

Moreover, whatever persuasive value that authority might once have had on
the issue of allowing fees for fee-defense litigation under Rule 37(a)(5) has been
diminished in light of the Supreme Court's more recent admonition in *Baker Botts*
that courts "should not deviate from the American Rule absent explicit statutory
authority." 135 S. Ct. at 2164. In that case, for instance, the Court held that 11
U.S.C. § 330(a)(1), which states that a bankruptcy court "may award ... reasonable
compensation for actual, necessary services rendered by" professionals hired by
bankruptcy trustees to assist them in their statutory duties, "cannot displace the
American Rule with respect to fee-defense litigation" because fee-defense litigation
was not a "necessary service" for the trustee. *Id.* at 2165. Similarly, it is not clear
that fees for fee-defense litigation are "incurred in making the motion" to compel.
*But see McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) ("To
harmonize Rule 37(c)(2) with other Rule 37 provisions serving a substantially
similar purpose, we interpret the scope of Rule 37(c)(2) to encompass reasonable
attorney's fees and costs associated with the preparation and presentation of the fee
application."), *and In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) ("The
magistrate's scrutiny on remand should extend also to hours reasonably spent by
Booker's local counsel in seeking the discovery sanctions. *See Poulis v. State Farm
Fire & Casualty Co.,* 747 F.2d 863, 869 (3d Cir.1984). Rule 37, interpreted consistent
with its purposes, authorizes an award encompassing 'all expenses, whenever
incurred, that would not have been sustained had the opponent conducted itself
properly.' *Aerwey Laboratories v. Arco Polymers,* 90 F.R.D. 563, 565–66
(N.D.Ill.1981), *cited in Tamari v. Bache & Co.,* 729 F.2d 469, 475 (7th Cir.1984)
(allowing fees and expenses incurred in defending award of sanctions on appeal).
Absent the discovery abuses, Booker would not have incurred the expense of the
sanctions motion, and failure to allow him this expense would undermine the Rule's
operation because Booker's award would be offset by his cost in seeking it and he
would not be fully reimbursed for the extra work caused by the discovery abuse.").

[11] The Defendants do not challenge the copy billing rate, and the undersigned finds

connection with the subject motions to compel, while Briskman billed 5.9 hours. (*See* Docs. 58-1, 58-2). The undersigned agrees with the Defendants that they should not have to pay for expenses incurred by Plaintiff's counsel in bringing the Plaintiff's first motion to compel on May 18, 2018, which was denied on May 22, 2018, for failure to include an adequate good-faith conferencing certification, *see supra*. Even if the Plaintiff had obtained relief under that motion, she would still not have been entitled to Rule 37(a)(5)(A) expenses for bringing it. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) ("the court must not order…payment if…the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action…"). Accordingly, the Court will deny all expenses billed on or before May 22, 2019, totaling 0.95 hours billed by Briskman, and 1.8 hours and $6.10 in copy expenses billed by Brewster.

However, the Court overrules the Defendants' other objections and finds that the remaining expenses billed by Brewster and Briskman – 4.95 hours at $300/hour ($1,485.00) by Briskman, and $40.70 in copy expenses and 16.4 hours at $350/hour by Brewster ($5,740.00), for a total of $7,265.70 – were "incurred in making the [subject] motion[s]" to compel and are "reasonable." Moreover, the undersigned finds that the conduct necessitating the filing of the motions to compel is attributable solely to the Defendants' counsel of record; therefore, only the Defendants' counsel will be ordered to pay the reasonable expenses awarded herein.

---

it reasonable.

### III. *Conclusion*

Accordingly, the Plaintiff's motion for reasonable expenses under Federal Rule of Civil Procedure 37(a)(5) (Doc. 58) is **GRANTED in part** and **DENIED in part**, and the Plaintiff's corrected supplemental motion for expenses under Rule 37(a)(5) (Doc. 71) is **DENIED**,[12] such that the law firm Capell & Howard, P.C., is **ORDERED** to pay **$7,265.70** to the Plaintiff. Capell & Howard is **ORDERED** to make this payment in full no later than fourteen (14) days from the date of entry of this order, unless the Plaintiff agrees to a different arrangement.

**DONE** and **ORDERED** this the 4th day of April 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] In light of the superseding corrected version, the initial supplemental motion (Doc. 70) is **MOOT**.